IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CAROLYN  FORSE C/O DEANNA TORRES | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| CITY OF IVANHOE, | § | |
| CATHY BENNETT, | § | |
| TOMMY MORRIS, | § | |
| DAVID HERRINGTON, | § | |
| JOHN CRAVEN, | § | |
| SKIP BLACKSTONE, and | § | |
| WILL WARREN | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Carolyn Forse c/o Deanna Torres ("Torres" or "Plaintiff"), files this Original Complaint seeking just compensation under both the Texas and United States Constitutions for the taking of Plaintiff's private property in Tyler County, Texas by the action of the City of Ivanhoe in too severely restricting the owner's use.

### FACTUAL BACKGROUND

1. The State of Texas, acting through the City of Ivanhoe, regulates the nonconforming uses of property located within the City limits.

2. The City of Ivanhoe was organized as a city in 2009, after the alleged nonconforming use was in existence.

3. Torres was caretaker to her father, and she was forced to move her dad because he had been diagnosed with cancer and his doctors had told the family he had only two to twelve months to live to the best of their knowledge.

4. Torres sought to sell the real property to Mark Johnson and Kimen Johnson.

5. Torres retained an attorney, coincidentally City of Ivanhoe's lawyer, to complete an Application for Statement of Ownership of the manufactured home.

6. The City of Ivanhoe wrongfully claimed a nonconforming use is associated with common address 505 Ivanhoe Drive, West, Woodville, Texas, in Tyler County.

7. The City of Ivanhoe then denied all utilities within its authority to the purchaser of the Torres property if he closed.

8. The transaction did not close as a result of the City's actions and the City of Ivanhoe denied utilities to Torres and has continued to deny those utilities under a claim that the property is a "Nonconforming Use". See Exhibit A – City Sign Posted in Yard.

9. On February 26, 2021, City of Ivanhoe Code Enforcement Official, Malissie Taylor, sent correspondence to Carolyn Forse care of Deanna Torres related to notice that the Torres property had a claim open Code Enforcement Violation Case #2021-0008.

10. The City of Ivanhoe noticed a Code Enforcement Hearing for March 18, 2021, at 5:00 PM to be held with the City Council of the City of Ivanhoe where the City Council would sit as the Board of Adjustments for the City of Ivanhoe, Texas.

11. Chapter 152.002 defines nonconforming status with certain exceptions.

12. Sec. 152.002 states that to the extent a use, platted lot, or structure was in lawful existence prior to this chapter, then such use is an exception from the definition of "Nonconforming Status".

13. The Section further clarifies that if such use, platted lot, or structure was in existence at the time of the annexation to the city, was a legal use of the land at such time, and has been in regular continuous use since such time, then the property is excepted from the definition of "Nonconforming Status".

14. The City of Ivanhoe has restricted the transfer of the property and denied utilities in violation of its own policy and in contradiction to the stated exceptions to the definition of "Nonconforming Status".

15. Plaintiff had obtained her interest in the manufactured home before the existence of the municipality. Tex. Occ. Code § 1201.008.

16. Plaintiff alleges a permanent taking by regulation of a categorical nature.

17. Defendants cannot show that its regulations substantially advance a legitimate governmental interest.

18. Plaintiff has been permanently deprived of all economically viable use of her land.

19. Defendants can not justify its enforcement by background principles of property law or nuisance law.

20. Defendants can show no nexus with a legitimate state interest nor proportionality to the regulatory attempt.

<u>JURISDICTION AND VENUE</u>

21. The court has jurisdiction over this federal question per Title 28 USCA §§ 1331 and 1343. Plaintiff brings this action under the inverse condemnation cause of action provided by Texas law to vindicate rights under both the Texas Constitution and the Fifth Amendment Takings Clause of the United States Constitution.

<u>PARTIES</u>

22. Plaintiff is Deanna Torres ("Torres") on behalf of Carolyn  Forse.

23. Defendant is the City of Ivanhoe and is a small Texas town which is in Tyler County and may be served at **870 Charmaine Drive E, Woodville, Texas 75979**.

24. Cathy Bennett, who was serving as Mayor of the City of Ivanhoe at all relevant times and may be served at **10106 SW Baseline Road, Faxon, Oklahoma 73540**.

25. Tommy Morris, who was serving as Mayor Pro Tem of the City of Ivanhoe at all relevant times and may be served at **520 Charmaine Drive, Woodville, Texas 75979**.

26. David Herrington, who was serving as a City Council member of the City of Ivanhoe at all relevant times and may be served at **182 Shalin Circle, Woodville, Texas 75979**.

27. John Craven, who was serving as City Council members of the City of Ivanhoe at all relevant times and may be served at **565 15th Street, Woodville, Texas 75979**.

28. Skip Blackstone, who was serving as City Council members of the City of Ivanhoe at all relevant times and may be served at may be served at **870 Charmaine Drive E, Woodville, Texas 75979**.

29. Will Warren, who was serving as City Council members of the City of Ivanhoe at all relevant times and may be served at may be served at **870 Charmaine Drive E, Woodville, Texas 75979**.

<u>CAUSE OF ACTION – FIFTH AMENDMENT TAKING AND §1983</u>

30. Article I, Section 17 of the Texas Constitution guarantees that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made . . . ." Likewise, the Fifth Amendment to the U.S. Constitution provides "nor shall private property be taken for public use, without just compensation." The virtually unconstrained power of the government to take a

citizen's private property without their consent is balanced only by the constitutional guarantee that the government must compensate the owner for taking their property.

31. To establish a claim under Article I, Section 17, a property owner must show that there has been: (1) an intentional government act by a government entity; (2) that resulted in the taking, damaging, or destroying of a property owner's property; and (3) for public use. Plaintiffs' claims fulfill each of these requirements.

32. Plaintiff brings this inverse condemnation action under Texas law to vindicate her rights under both the Texas Constitution and the Fifth Amendment Takings Clause. The Supreme Court has recognized that Texas law provides an inverse condemnation cause of action through which property owners may seek just compensation against the State based on both the Texas Constitution and the Takings Clause. DeVillier v. Texas, 601 U.S. ___ (2024).

33. The City of Ivanhoe has violated both constitutional provisions by improperly enforcing the ordinance.

34. The Plaintiff sought a variance from the City of Ivanhoe and was improperly denied this variance.

35. Once there is a taking, compensation must be awarded because as soon as private property has been taken, whether through formal condemnation proceedings, occupancy, physical invasion, or regulation, the landowner has already suffered a constitutional violation.

## CAUSE OF ACTION – DECLARATORY RELIEF

36. A court of record within its jurisdiction has the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. Tex. Civ. Prac. & Rem. Code § 37.004.

37. The declaration may seek construction or validity determinations under statute, ordinance, or other legal relations therefunder.

38. Plaintiff seeks a determination as to whether the City of Ivanhoe has properly construed its statutory exceptions to the definition of "Nonconforming Use".

<u>CAUSE OF ACTION – INVERSE CONDEMNATION</u>

39. Inverse Condemnation is "a cause of action against a governmental Defendant to recover the value of property which has been taken in fact by the governmental Defendant. United States v. Clarke, 445 U.S. 253, 257 (1980).

40. Inverse Condemnation stands in contract to direct condemnation, in which the government initiates proceedings to acquire title under its eminent domain authority.

41. Federal law directs that whether government regulation constitutes a taking by inverse condemnation under the Fifth Amendment is determined by a two-question test: (1) did the Plaintiff possess a protectable property interest in what they allege the government has taken, and (2) were the effects the Plaintiff experienced the predictable result of governmental action which was sufficiently substantial to justify a takings remedy. Here the answer to both those questions is yes.

42. The existence of a protectable property interest under the Fifth Amendment is determined by reference to state law. Texas law recognizes that the term property, as it applies to takings law, means not only the thing owned, but also every right which accompanies ownership.

43. The Court is to consider the following factors: (1) the time and duration of the invasion; (2) the severity of the interreference; (3) was the invasion caused by the State's action, (4) did the government act with the requisite intent, (5) the character of the land at issue; and (6) Plaintiff's reasonable investment-backed expectations.

ADDITIONAL CAUSES OF ACTION

**42 U.S.C. § 1983 - Individual Capacity Claims**

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. At all relevant times, the individual Defendants were acting under color of state law as officials of the City of Ivanhoe.

46. The individual Defendants participated directly in the deprivation of Plaintiff's constitutional rights by: a. Voting to deny Plaintiff's variance request without legitimate basis; b. Participating in the improper enforcement of the nonconforming use ordinance; c. Ordering the denial of utilities to Plaintiff's property; d. Creating and implementing policies that resulted in the taking of Plaintiff's property without just compensation.

47. The individual Defendants knew or should have known that their actions would result in the deprivation of Plaintiff's clearly established constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution.

48. The individual Defendants' actions were taken with deliberate indifference to Plaintiff's constitutional rights.

49. As a direct and proximate result of the individual Defendants' actions, Plaintiff has suffered damages including, but not limited to:

a. Loss of property value

b. Loss of rental income

c. Loss of sale proceeds

d. Costs associated with attempting to comply with improper enforcement actions

The individual Defendants' conduct was willful, wanton, and malicious, justifying the imposition of punitive damages.

8 | P a g e

## PRAYER

Plaintiff prays, that upon trial before a free jury of citizens, she be granted the relief set forth herein, as well as all other relief to which she may be entitled under law.

1. Compensatory damages against each individual Defendants;

2. Punitive damages against each individual Defendants;

3. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

4. Costs of suit;

5. Pre- and post-judgment interest as allowed by law;

6. Such other relief as the Court deems just and proper.

Respectfully submitted,


By: /s/ *Brandon P. Monk*
   Brandon P. Monk
   Texas Bar No. 24048668
   Email:  brandon@themonklawfirm.com
   4875 Parker Dr.
   Beaumont, TX 77705
   Tel. (409) 724-6665
   Fax. (409) 729-6665
   Attorney for Plaintiff